**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4135**

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

JAMES CARNELL BRINSON, JR.,

           Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:18-cr-00184-FL-1)

Submitted: January 28, 2022             Decided: April 14, 2022

Before MOTZ, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**: Richard Croutharmel, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury found James Carnell Brinson, Jr., guilty of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and a quantity of heroin, in violation of 21 U.S.C. §§ 841, 846; distribution of methamphetamine and heroin, in violation of 21 U.S.C. § 841; 18 U.S.C. § 2; possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and possession with intent to distribute 50 grams or more of methamphetamine. The district court sentenced Brinson to 420 months' imprisonment.

On appeal, Brinson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal, but questioning (1) whether the district court erred in denying Brinson's request for a new attorney, (2) whether the Government committed a *Brady*[1] violation, (3) whether the Government committed a *Napue*[2] violation, (4) whether the district court erred in admitting recorded phone calls between Brinson and a confidential informant, and (5) whether the district court erred in overruling Brinson's objections to his Guidelines range. The Government declined to file a brief. Brinson has filed a pro se supplemental brief, essentially arguing that issues two through four identified by counsel also amount to prosecutorial misconduct. We discern no reversible error and affirm the district court's judgment.

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

[2] *Napue v. Illinois*, 360 U.S. 264 (1959).

Counsel first questions whether the magistrate judge and district court erred in denying Brinson's request for a new attorney but concludes that this issue is not meritorious because the reason Brinson requested a new attorney—Brinson's desire to commit perjury—was not a valid reason for a new attorney. When a district court has denied a defendant's request to replace his court-appointed lawyer, we consider three factors: "(1) the timeliness of the motion; (2) the adequacy of the court's subsequent inquiry; and (3) whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." *United States v. Horton*, 693 F.3d 463, 467 (4th Cir. 2012) (internal quotation marks omitted). We review such a denial for an abuse of discretion. *Id.* at 466.

We discern no abuse of discretion. Brinson filed his motion on the eve of a trial that had already been rescheduled twice. The magistrate judge scheduled a hearing and heard from Brinson and trial counsel. Moreover, it appears that the conflict between the two was based on Brinson's desire to commit perjury, not on a legitimate lack of communication. Brinson does not have a right to use counsel to suborn perjury. *See Nix v. Whiteside*, 475 U.S. 157, 175-76 (1986).

Counsel next questions whether the Government committed a *Brady* violation by failing to disclose prior to trial a file on a confidential informant kept by law enforcement. However, counsel concedes that no reversible error occurred because the Government disclosed the file during the trial and Brinson was able to use the file to question a law enforcement witness on the informant's veracity.

3

"*Brady* requires the disclosure by the [G]overnment of evidence that is both favorable to the accused and material to guilt or punishment." *United States v. Caldwell*, 7 F.4th 191, 207 (4th Cir. 2021) (cleaned up). "We review the district court's legal conclusions de novo and its factual findings for clear error." *Id.* at 208 (internal quotation marks omitted). Counsel appropriately concedes that there was no *Brady* error because "[n]o due process violation occurs as long as *Brady* material is disclosed to a defendant in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985).

Counsel also questions whether the Government committed a *Napue* violation when it failed to withdraw a witness' testimony that it believed was untrue. "Under *Napue*, a conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Chavez*, 894 F.3d 593, 601 (4th Cir. 2018) (internal quotation marks omitted). "Thus, the [G]overnment may not knowingly offer false testimony in the first place, and must correct it when it appears." *Id.*

Here, assuming that the witness committed perjury, the Government immediately informed the court when it thought the witness was being untruthful regarding his contact with Brinson's associates. Moreover, this testimony occurred outside the presence of the jury and thus did not taint it. Brinson points to no other instances of alleged perjury. Moreover, while the Government's witnesses' testimony differed at times, "[m]ere inconsistencies in testimony by government witnesses do not establish the government's

4

knowing use of false testimony." *United States v. Griley*, 814 F.2d 967, 971 (4th Cir. 1987). Thus, no *Napue* violation occurred in this case.

As for the final trial issue, counsel questions whether the district court erred in allowing into evidence the recorded telephone calls from the informant who did not testify at trial. However, counsel concedes this issue is not meritorious because Brinson's statements were admissible, and the informant's statements provided context for the admissible evidence.

"We review an alleged Confrontation Clause violation de novo." *United States v. Reed*, 780 F.3d 260, 269 (4th Cir. 2015). The Confrontation Clause "bars the admission of 'testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.'" *United States v. Dargan*, 738 F.3d 643, 650 (4th Cir. 2013) (quoting *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004)). "Evidence implicates the Confrontation Clause only if it constitutes a testimonial statement—that is, a statement made with a primary purpose of creating an out-of-court substitute for trial testimony." *Reed*, 780 F.3d at 269 (internal quotation marks omitted). The Supreme Court has held that statements made unwittingly to an informant are not testimonial and thus do not implicate the Confrontation Clause. *Davis v. Washington*, 547 U.S. 813, 825 (2006); *Bourjaily v. United States*, 483 U.S. 171, 181-84 (1987). Thus, no Confrontation Clause violation occurred in this case, nor was there a hearsay issue. *See United States v. Barraza*, 365 F. App'x 526, 530 (4th Cir. 2010) (No. 08-4345).

Finally, counsel questions whether the district court erred in overruling Brinson's objections to his Guidelines range. However, counsel appropriately concedes that any error was harmless.

The district court concluded that Brinson was a career offender. Because Brinson did not object to his classification as a career offender, we review this issue for plain error. *See United States v. Carthorne*, 726 F.3d 503, 509 (4th Cir. 2013). "To satisfy plain error review, the defendant must establish that: (1) there is a sentencing error; (2) the error is plain; and (3) the error affects his substantial rights." *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015) (internal quotation marks omitted). No error occurred in this case because Brinson's two prior convictions for North Carolina common law robbery qualified him for this enhancement. *See United States v. Gattis*, 877 F.3d 150, 156-60 (4th Cir. 2017).

Under the career offender Guidelines, Brinson's offense level was 37 because he faced a maximum sentence of life imprisonment. U.S. Sentencing Guidelines Manual § 4B1.1 (2018). An offense level of 37 and a criminal history category VI yields an advisory Guidelines range of 360 months to life imprisonment. USSG ch. 5, pt. A (sentencing table). Thus, because Brinson's Guideline range under the career offender Guidelines is identical to his Guidelines range as calculated under the drug quantity Guidelines, any error in calculating his Guidelines range under the drug quantity Guidelines was harmless. *See United States v. Dowell*, 771 F.3d 162, 175-76 (4th Cir. 2014).

In accordance with *Anders*, we have reviewed the entire record in this case, including the issues raised in Brinson's pro se brief, and have found no other meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Brinson, in writing, of the right to petition the Supreme Court of the United States for further review. If Brinson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brinson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*